IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AARON MOISES,<br><br>            Plaintiff,<br><br>    vs.<br><br>PAR PACIFIC HOLDINGS, INC., et al.<br><br>            Defendants. | CIVIL NO. 20-00533 JAO-RT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Before the Court is Plaintiff Aaron Moises' Motion to Remand, filed January 28, 2021.  ECF No. 8.  Defendant Par Pacific Holdings, Inc. ("Defendant"), who removed this action from the Circuit Court of the First Circuit, State of Hawaiʻi, does not oppose the Motion.[1]  ECF No. 14.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii.  For the following reasons, the Motion is GRANTED.

---

[1] Defendants Careonsite, Inc. ("Careonsite") and Patrick Lam, M.D. ("Lam") have not appeared and they did not file responses to the Motion, which were due by February 12, 2021.

DISCUSSION

Plaintiff moves to remand for lack of subject matter jurisdiction because Plaintiff and Lam are both citizens of Hawaiʻi.  Under 28 U.S.C. § 1441, a defendant may remove a civil action brought in a state court to federal district court if the district court has original jurisdiction.  *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006).  "Removal . . . statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'"  *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Serv. LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)) ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court."); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).  Courts should presume that a case lies outside the limited jurisdiction of the federal courts.  *Hunter*, 582 F.3d at 1042.

Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states.  *See* 28 U.S.C.

§ 1332(a)(1).  Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants.  *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs.*, Inc., 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  Moreover, actions based on diversity jurisdiction may only be removed if none of the properly joined and served defendants is a citizen of the state in which the action is brought.[2]  *See* 28 U.S.C. § 1441(b).  Thus, "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

---

[2]  Plaintiff cites the forum defendant rule as the basis for lack of subject matter jurisdiction.  The forum defendant rule precludes removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  However, despite Plaintiff's assertion to the contrary, it is a procedural—not jurisdictional—requirement.  *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006) ("We hold that the forum defendant rule embodied in § 1441(b) is a procedural requirement, and thus a violation of this rule constitutes a waivable non-jurisdictional defect subject to the 30–day time limit imposed by § 1447(c).").  Remand based on the forum defendant rule must therefore be asserted within 30 days of removal.  But as explained herein, the lack of complete diversity deprives the Court of subject matter jurisdiction, not the forum defendant rule.

Here, complete diversity is lacking because Plaintiff and Lam—and possibly Careonsite—share Hawai'i citizenship.³  Therefore, the case must be remanded for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

## CONCLUSION

For the reasons stated herein, the Court GRANTS Plaintiff's Motion to Remand and REMANDS this action to the First Circuit Court, State of Hawai'i.

IT IS SO ORDERED.

DATED:   Honolulu, Hawai'i, February 16, 2021.



Jill A. Otake
United States District Judge

Civil No. 20-00533 JAO-RT; *Moises v. Par Pacific Holdings, Inc., et al.*; ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

---

³  The Court screened the Notice of Removal for jurisdictional deficiencies but because Defendant alleged that Careonsite and Lam were not *properly joined* or served, see ECF No. 1 ¶¶ 6-8, the Court did not issue an order to show cause regarding the propriety of removal.  *See Hunter*, 582 F.3d at 1043 (identifying an exception to the requirement for complete diversity when a non-diverse defendant was fraudulently joined).